IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC LEE YOUNGS,
Inmate No. 000704396,
        Plaintiff,

vs.                                                    Case No.: 3:20cv5102/MCR/EMT

VOLUSIA COUNTY DEPARTMENT
OF CORRECTIONS,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this civil rights action by filing a complaint and motion to proceed in forma pauperis (ECF Nos. 1, 2).   Upon review of the complaint, it is apparent venue is not proper in the Northern District. Accordingly, this case should be transferred.

Plaintiff is an inmate at Northeast Florida State Hospital, located in Baker County, Florida (*see* ECF No. 1 at 2), which is in the Middle District of Florida. He names Volusia County Department of Corrections (also in the Middle District) and three of its officers as Defendants, alleging he was beaten up, thrown from the second floor, and raped while incarcerated at the Volusia County Jail (*id.* at 1–2, 5).

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.*   Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion."   *Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns*, 689 F.2d. 982, 985 (11th Cir. 1982).   Such transfers may be made sua sponte by the district court.   *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

This judicial district has no relation to the litigation at issue.   The acts or occurrences forming the basis of the complaint occurred in Volusia County, Florida, which is located in the Middle District.   The Defendants are employed, and presumably reside, in the Middle District, and Plaintiff currently is incarcerated there.   Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.[1]   Therefore, in the interest of justice, this action should be transferred to the Middle District.

Accordingly, it is respectfully, **RECOMMENDED**:

1.     That this case be transferred to the United States District Court for the Middle District of Florida.

2.     That the clerk of court be directed to close the file.

At Pensacola, Florida, this 25th day of March 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] Although Plaintiff's choice of forum is ordinarily given consideration, *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration."   *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted).

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections musts be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**